IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RONEL PIERRE,

    Petitioner,

v.

WARDEN, *Moshannon Valley Correctional Center*, UNITED STATES ATTORNEY FOR THE WESTERN DISTRICT OF PENNSYLVANIA, and ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA

    Respondents.

Civil Action No. 3:16-212
Chief Magistrate Judge Maureen P. Kelly

## MEMORANDUM OPINION AND ORDER

At the time of filing the Petition, Ronel Pierre ("Petitioner"), a federal prisoner and a deportable alien, was held in the Moshannon Valley Corrections Center ("MVCC"). Represented by privately retained counsel, Petitioner filed a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (the "Petition"). ECF No. 1. Petitioner is currently serving a sentence of 44 months for Conspiracy to Distribute and Possess with Intent to Distribute Narcotics. Petitioner was convicted in the United States District Court for the Southern District of New York. By means of the Petition, he seeks to challenge the effect of a detainer that was issued by the United States Immigration and Customs Enforcement on May 26, 2016. ECF No. 1 ¶ 6 (c); ECF No. 12 at 2. Petitioner complains in the Petition that the Respondents are utilizing the detainer to deny him privileges in violation of his federal constitutional rights. Specifically, Petitioner complains that "[m]erely because I have an ICE Detainer I cannot receive drug

treatment in Prison as recommended by [my sentencing judge.] Because of that detainer the Bureau of Prisons will not release me to a half-way house at the appropriate time." ECF No. 1. ¶ 13. Petitioner argues that his being denied the opportunity to receive more drug treatment and to be placed in a half-way house causes him to be treated unequally and in violation of law." Id. ¶ 13(a). Petitioner does not explicitly state which law is being violated but we take Petitioner to be asserting a violation of his rights to equal protection component of the Fifth Amendment's due process clause. Schweiker v. Wilson, 450 U.S. 221, 227 n.6 (1981) ("This Court repeatedly has held that the Fifth Amendment['s due process clause] imposes on the Federal Government the same standard required of state legislation by the Equal Protection Clause of the Fourteenth Amendment."). For the following reasons, we reject Petitioner's contention.

## I. PROCEDURAL HISTORY

Petitioner, through privately retained counsel, filed his Petition. ECF No. 1. Respondents filed a Response to Petition for Writ of Habeas Corpus, asserting that Petitioner failed to exhaust his administrative remedies and that the claims were meritless. ECF No. 12. Petitioner, again through counsel, filed a Reply in Opposition, ECF No. 13, essentially arguing that exhaustion was futile but failing to address the arguments that Respondents made noting that the claims were meritless.

All parties have consented to the exercise of plenary jurisdiction by the Magistrate Judge. ECF Nos. 9, 10.

## II. DISCUSSION

As explained by Respondents, the presence of the detainer affects Petitioner's custody classification. Respondents explain that "Petitioner's custody classification scoring reflects that

the Public Safety Factor ('PSF') of Deportable Alien was applied to his custody classification score, based upon his citizenship and deportation detainer. (See Attach. 1d, Male Custody Classification Form, attached to the Declaration of Alisha Gallagher). Under Bureau of Prisons policy, when the PSF for Deportable Alien is applied, the inmate must be housed in at least a low security level institution. (See Attach. 1e, Program Statement 5100.08, Inmate Security and Custody Classification, Chapter 5, p. 11, attached to the Declaration of Alisha Gallagher)." ECF No. 12 at 3.

Petitioner asserts that he is in a "true catch-22 scenario" because he cannot challenge the validity of the detainer until he is actually in ICE custody which will not occur until he is no longer in custody of the Bureau of Prisons. ECF No. 13 at 1. Even assuming that he is in the scenario described, such does not render his challenge herein to the effects of the detainer on his eligibility for BOP programs meritorious.

### A. Equal Protection

To the extent that Petitioner complains that the effects of the detainer deny him equal protection under the Fifth Amendment, we are unpersuaded and quote the following:

> Further, the exclusion of persons subject to a PSF of Deportable Alien from certain BOP programming does not violate the Equal Protection Clause. Regulations such as those challenged here classify prisoners as those who are subject to custodial considerations (including those who have PSF status) and those who are not, not on the basis of alienage. *See McLean v. Crabtree,* 173 F.3d 1176, 1185–86 (9th Cir.1999), *cert. denied,* 528 U.S. 1086 (2000). Accordingly, "the Equal Protection Clause requires only that the classification rationally further a legitimate state interest." *See Nordlinger v. Hahn,* 505 U.S. 1, 10 (1992).
>
> Excluding prisoners subject to PSFs or other custodial considerations from participation in programs involving custody issues is rationally related to the Bureau's legitimate interest in preventing such prisoners from

3

> fleeing. *See McLean,* 173 F.3d at 1185–86. Thus, the PSF and the program limits it triggers, do not violate the Equal Protection Clause.
>
> Finally, by statute, the BOP's decision to assign a PSF is not subject to judicial review under the APA. *See* 18 U.S.C. § 3625 ("The provisions of ... 701 through 706 of title 5, United States Code, do not apply to the making of any determination, decision, or order under [18 U.S.C. §§ 3621–26]."); *see Burnam v. Marberry,* No. 07–0097, 2008 WL 4190785, at *7 (W.D.Pa. Sept. 10, 2008) (concluding, alternatively, that the assignment of a PSF "was made pursuant to [the BOP's] discretionary responsibilities regarding the designation of an inmate's place of imprisonment, and any subsequent transfers, bestowed on it under 18 U.S.C. § 3621(b)," and thus is not "subject to judicial review under Subsection 706(2)(A) of the APA"), *aff'd,* 313 Fed. Appx. 455 (3d Cir.2009).

Godoy v. Zickefoose, CIV.A. 11-3754 NLH, 2012 WL 2594347, at *2–3 (D.N.J. July 5, 2012).

Accord Bazuaye v. Tombone, 275 F.3d 44 (5th Cir. 2001) (rejecting an equal protection challenge from a federal inmate who was a deportable alien challenging his PSF in a Section 2241 petition, holding that "Bazuaye's equal protection claim fails because he does not show that he is being treated differently from similarly situated persons or that the restrictions on community-based treatment or early release are irrational.").

Accordingly, we reject Petitioner's contention that his ICE detainer and its resulting PSF status with its consequent effect on his eligibility for BOP placement in a half-way house or for further drug treatment violates his equal protection rights.

### B. Due Process

To the extent that Petitioner claims denial of a liberty interest without procedural due process given that he was not provided notice and an opportunity to be heard prior to the imposition of the ICE detainer or prior to the BOP classifying him and imposing a PSF classification on him, we find that he was not entitled to any procedural due process because the

4

placement of a detainer, or its implications for Petitioner's custody classification and resulting ineligibility for halfway house placement and more drug treatment programs, do not give rise to a liberty interest. See, e.g., Becerra v. Miner, 248 F. Appx. 368, 370 (3d Cir. 2007) (inmate assigned public safety factor of "deportable alien" had no liberty interest in his consequential disqualification for certain institutional programs); Zakharenko v. U.S. Bureau of Prisons, CV 16-183J, 2017 WL 2559625, at *3 (W.D. Pa. June 13, 2017) ("Additionally, no due process violation has occurred because Petitioner does not have a liberty interest in the programs and benefits he claims he is being wrongly or unfairly denied. *See e.g., Gallegos*, 688 F.3d at 195 (finding no liberty interest in drug-rehabilitation and other related programs arising from 18 U.S.C. §§ 3621 and 3624 and therefore no due process violation in denial of these benefits to inmate with ICE detainer)."). Neither does the imposition or the effects of the detainer violate substantive due process. See, e.g., Carvajal v. Tombone, 31 F. App'x 155, 155 (5th Cir. 2001) ("The BOP's classification of prisoners based on whether they are INS detainees or citizens of the United States is not a suspect classification, and therefore, the rational basis standard of review is applicable. The BOP's determination that INS detainees are ineligible to participate in such programs is rationally related to the legitimate governmental interest of preventing such INS detainees from fleeing during the community-based portion of the above programs.") (citation omitted). Accordingly, the detainer nor its effects deny Petitioner either procedural or substantive due process.

## III. CONCLUSION

AND NOW, this 14th day of September 2018, for the reasons set forth herein, it is hereby ORDERED that the Petition is dismissed.

BY THE COURT:

MAUREEN P. KELLY
CHIEF UNITED STATES MAGISTRATE JUDGE

cc: All counsel of record via CM-ECF